# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ELLEN SCHAAF,

       Plaintiff,

v.                                  CASE NO.  4:06mc49-RH

SMITHKLINE BEECHAM
CORPORATION, etc., et al.,

       Defendants.

_____/


## ORDER ENFORCING SUBPOENA IN PART


      This is a dispute over the obligation of an expert witness who resides in this district to produce documents in response to a subpoena issued in connection with an employment discrimination action pending in the Northern District of Georgia. The documents at issue have nothing whatever to do with the merits of the Georgia action.  They deal, instead, with the expert's opinions in 31 unrelated cases.  The defendants in the Georgia action issued the subpoena in order to obtain documents they hope to use to impeach the expert, primarily by showing that the expert used a different methodology in the 31 cases than in the case at bar.  I hold the subpoena enforceable with respects to testimony and expert reports given in the 31 cases,

except to the extent that disclosure would violate protective orders in those cases.  I quash the subpoena to the extent it seeks production of underlying data used as a basis for the testimony or reports.

The expert is Joan Gustafson Haworth.  Her employer is Economic Research Services, Inc. ("ERS").  The defendants in the Georgia litigation, SmithKline Beechum Corporation and related entities (collectively "SmithKline"), served a subpoena apparently naming as respondents both Dr. Haworth and ERS, seeking production of three categories of material from 31 specific lawsuits in which Dr. Haworth served as an expert witness.  The three categories were testimony, expert reports (including exhibits and appendices), and "all documents and data on which you relied for your testimony and/or reports."  ERS moved to quash the subpoena in its entirety.  Circuit City Stores, Inc., the defendant in one of the 31 cases, moved to quash the portion of the subpoena dealing with that case.  SmithKline moved to compel production of the subpoenaed records.  A hearing on the motions was conducted by telephone on July 25, 2006.  This order confirms the rulings announced on the record.[1]

I find that there is a reasonable possibility that the subpoenaed testimony and expert reports (including exhibits and appendices) will be useful for impeachment

---

[1] SmithKline also served a separate subpoena directed to Dr. Haworth and ERS seeking financial records.  ERS moved to quash that subpoena as well.  The parties settled their dispute about that subpoena prior to the hearing.

of a witness expected to testify at trial and that their production will not be unduly

burdensome.  I find that that is not so of the underlying data.  To the contrary, the

prospect that the underlying data will be useful for impeachment over and above

any use that may be made of the actual testimony or expert reports is remote, and

the burden of production—especially given the breadth of SmithKline's definition

of "documents" and its demand for "all documents" on which Dr. Haworth

relied—would far outweigh any expected benefit.

Finally, Dr. Haworth and ERS of course should not be subjected to

conflicting court orders, one requiring disclosure of materials while another

demands that the same materials not be disclosed.  Production of materials subject

to a protective order in another action will not be compelled at this time, but ERS

will be required to provide SmithKline documentary support for any withholding

of materials on this basis.  The denial of SmithKline's motion to compel

production of materials subject to a conflicting court order will be without

prejudice to the ability of SmithKline to seek further relief in this court based on a

more particularized showing of need.[2]

For these reasons,

---

[2] No ruling is made at this time on whether an avenue of such relief would
be an order of this court requiring ERS to seek relief from the court that issued the
protective order.  Any such order of this court would be conditioned on
SmithKline's payment of the expense incurred by ERS—including for attorney's
fees—in seeking such relief.

IT IS ORDERED:

1.  The first motion to quash (document 3) filed by Economic Research Services, Inc. ("ERS") is DENIED AS MOOT.

2.  The second  motion to quash (document 5) filed by ERS is GRANTED IN PART.

3.  The motion to quash (document 10) filed by Circuit City Stores, Inc. is GRANTED IN PART.

4.  The motion to compel (document 14) filed by SmithKline Beechum Corporation ("SmithKline") is GRANTED IN PART.

5.  By August 8, 2006, ERS shall make available to an attorney for SmithKline for inspection and copying (at SmithKline's expense) all recorded testimony (including affidavits, declarations, depositions or live testimony presented in any proceeding) and all expert reports (including related exhibits and appendices) given or sponsored by Dr. Joan Gustafson Haworth in any of the 31 actions listed in the attachment to the subpoena served June 22, 2006, provided, however, that ERS need not produce testimony or expert reports if doing so would violate the terms of an order entered by a court prior to June 22, 2006.

6.  By August 8, 2006, for any testimony or expert report withheld under the proviso set forth in paragraph 5, ERS shall make available to an attorney for SmithKline for inspection and copying (at SmithKline's expense) a copy of the

court order that would be violated by the production.

   7.  That portion of the subpoena served June 22, 2006, requiring production of "all documents and data on which you relied for your testimony and/or reports" is hereby quashed and of no further force or effect.

   SO ORDERED this 28th day of July, 2006.

                                        s/Robert L. Hinkle
                                        Chief United States District Judge